Our final case for argument this morning is 23-2767 Perez De Lorenzo v. Garland. Good morning, Mr. Radcliffe. Good morning, Your Honor. Good morning, panel. May it please the Court, my name is Rob Radcliffe and I'm here on behalf of the respondent, Ms. Organiz-Perez De Lorenzo. Your Honor, this is what I would call a show-your-work case. This case was originally decided by the immigration judge. There was an intervening change in the law while this case was up on appeal. During that change in the law, which ultimately was the vacating of Matter of A.B. and A.B. 2 by A.B. 3, the BIA reviewed the case and the BIA's decision was very short and very curt. They found that the judge did an excellent job and they affirmed the decision, specifically saying, but we didn't consider Matter of A.B. when we affirmed the decision. How do you get around that? They specifically said, we are affirming, but we are not relying on the Matter of A.B. That's where the show-your-work portion comes in. If you didn't rely on Matter of A.B., then what did you rely on? But below, the immigration judge made several holdings, and one did rely on Matter of A.B., but the fact that she failed to show a nexus between the harm suffered or what she would suffer and her membership in a particular group, that had nothing to do with any reliance on Matter of A.B. I would disagree because I think there's a cascade effect there, Your Honor. What in the immigration judge's opinion supports that? In the immigration judge's opinion, that it was relying on Matter of A.B.? For some of these other findings, in particular, the failure to show a nexus. The importance there is Matter of A.B. 1, what it did was it created a presumption that the nexus, the private actors and private actors could not create a nexus between the protected group and what was happening. And everything that the immigration judge did throughout that process was based on Matter of A.B. and the law that was in effect at that time. What he did was he found that the social group didn't exist for a couple of reasons, and some of those reasons, I think, were improper. He bifurcated, if you will, what her particular social group was. She listed a particular social group of, and there was some conflicting language, and the trial wasn't great, but the social group said single women whose husbands are in the United States and the perception of wealth. And when the judge looked at those things, he looked at them separately and distinctly, and he made those PSG rulings based on, well, it's just an issue of wealth, and under Matter of A.B. that doesn't count. He discounted because his own statement was, I can't tell what she's saying. She's a single woman or a single mother or the husband. What's the connection between her being a member of that group and the harm that she suffered? And that's another thing that the judge does is he says that the only reason that they're pursuing this person is because of wealth. They're trying to extort money out of her. But that misstates what the law is, I think, because the judge is able to and should consider mixed motive cases. She's being targeted not simply because of an issue of wealth, but the argument there is that is she being, as the PSG sets out, is she also being targeted because she is a single woman with children in Guatemala that has this issue of wealth? And all those things together create whether or not there's a net. And the presumption that the judge applies later on in that decision was that the private actor aspect of it cannot rise to that level. That's what it all stems from Matter of A.B., and as that carries forward, it's all based on Matter of A.B. And then when the appellate board, the single appellate judge in this case, looks at that and says, well, we agree with the reasoning, but we didn't rely on Matter of A.B., that puts this court, I think, in a precarious position because this court has the ability to conduct a de novo review of any of the legal determinations. When the BIA accepts an immigration judge's legal determinations, this court has the authority then to review that immigration judge's legal decision. Did it repeal that legal determination, though, regarding the nexus, or was it limited to the immigration judge's reliance on Matter of A.B. 1 and A.B. 2? The appeal to this court, the petition for review to this court, is based on what the BIA did. And what the BIA did was supplant the immigration judge's reasoning. Correct. And said, we think this case is rightly decided, and we're going to affirm the decision, but they gave no legal reasoning how they came to that conclusion. But it said, for the reasons articulated by the immigration judge, aside from their reliance on Matter of A.B. So is it your contention, then, that we cannot now go and look at the immigration judge's decision? Yes, that is my contention. Because once the BIA has supplanted the immigration judge's legal reasoning, then this court is looking to the legal reasoning of the BIA. They didn't supplant, though. They affirmed the reasoning of the IJ, just not the citations. So another way of looking at it is, if you walk through the immigration judge's opinion and you look at the reasons, if we could find another case that says what they said and just not use the A.B. site, would that be sufficient? No. Because then you're – this court should not be, in my opinion, this court should not be looking at what the immigration judge's reasoning was, because the BIA has taken that away from all of us by conducting a new opinion, saying we've got a new legal analysis. None of us know what it is. But the court's opinion affirmed for the reasons not relying on Matter of A.B. But everything did rely on Matter of A.B. So we don't know what the court – But it didn't. The IJ's opinion did not all rely on the Matter of A.B. The immigration judge was very specific about that. The nexus, the fear of the government harm, future harm, it was very clear that was not connected to whether or not there was a social group in the first place. It was not connected to whether or not there was a social group. But I would say that it is still connected to Matter of A.B. because Matter of A.B. creates that presumption of the private actor against the private actor's role. And everything that the court – all the determinations that the court made once it reviewed the PSG and did all that under Matter of A.B. 1 is a continuation of Matter of A.B. 1. The standards in place, the presumptions in place, all that went away after A.B. 3. So that's what I think is important. And so when the court – when the Board of Immigration Appeals then said that we agree with what he's saying but we have this other legal reasoning, we don't know what that legal reasoning is. And my position would be that this court then – you're limited to reviewing what the legal reasoning of the BIA is because it's not supported by anything in the record other than we like the outcome of what happened in front of the immigration judge. That's the problem. That's why it should be reviewed. I'll reserve the rest of my time for rebuttal. Thank you, Your Honor. Thank you, Mr. Redfern. Ms. Redfern, good afternoon. Good afternoon. May it please the court, my name is Jan Redfern on behalf of the respondent and the Attorney General. There are two reasons for the court to deny this petition for review today. One is that the board did not legally err in adopting and affirming the immigration judge's decision despite the vacate or a matter of A.B. Because, as the court noted, the board did not rely on A.B. in its decision and the immigration judge did not rely on A.B. to reach his dispositive nexus finding in determining that petitioner was not eligible for asylum and withholding of removal or in denying cap protection. And I would like to clarify one thing that petitioner's counsel noted. He stated that in A.B. 1, the Attorney General had broad language about a particular social group, but he said that that was about nexus. There was nothing in the A.B.'s decision in A.B. 1 about nexus. It was only about a particular social group and whether the decision had confusion over the unable and unwilling component of asylum and withholding of removal. The particular social group, I think, that what petitioner's counsel was referring to is that the Attorney General in A.B. 3 said that in A.B. 1, the Attorney General there said that the broad language about a particular social group could be inferred to create a strong presumption against asylum claims based on private criminal activity, but said nothing about a nexus finding. So to the extent that petitioner is relying on that to ask for remand of the case, that is inaccurate. The second reason the court should deny the petition for review is that petitioners have waived review of denial, the denial of asylum, withholding, and cap protection by raising no challenges to the merits of the immigration judge's decision in their brief. So getting back to A.B., contrary to the petitioner's argument, the board did not err in affirming and adopting the immigration judge's decision. In Bourbonneau, which the board relied on here, the board can adopt an I.J.'s decision and hold her in part when it agrees with the reasoning and result of that decision. And here the BIA did three things. First, it affirmed and adopted the immigration judge's, as it said, well-reasoned decision. Secondly, it noted that A.B. and 1 and 2 were vacated during dependency of petitioner's appeal, and then stated it didn't rely on those decisions in determining that the immigration judge's decision remained correct. In other words, the board agreed with the reasoning and the result of the immigration judge's decision, despite what A.B. 1 and 2 did, that they were vacated. The court should reject the petitioner's request to remand based on the vacater of A.B. because the board didn't rely on it, and the immigration judge did not rely on it for his dispositive nexus finding. As respondent has noted in his brief, at least four other courts have rejected the same argument the petitioners have raised for the same reason, because the agency's dispositive nexus finding did not rely on A.B. And secondly, petitioners have waived review of the denial of asylum, withholding, and cap protection by omitting any challenge in their brief to the merits of the immigration judge's decision. There is no argument challenging the nexus determination for asylum and withholding of removal, or any argument regarding the denial of cap protection. So the court should deny the petition for review based solely on waiver. But even if petitioners have not waived asylum and withholding by failing to mention it in their brief, they've raised no argument and they point to no evidence that compels a conclusion that the immigration judge's nexus finding should be reversed. If there are no questions, respondent would ask the court to deny the petition for review. Thank you. Thank you, Ms. Redford. Mr. Radcliffe, rebuttal. Thank you, Your Honor. And just briefly, I think it all goes to that BIA decision. And we, despite the simple language in that decision, that they will accept the judge's legal reasoning without relying on a matter of AB, when they make that statement, that tells us we don't know what they relied on. We don't know what standard they applied. Mr. Radcliffe, the Attorney General has noted here that you make no argument on nexus and CAD and so forth and so on. There are some things beyond the AB that are not argued here. And then I note in your brief, and I realize your name is not on the brief, it's the brief author, but the end of the brief ends by saying that Ms. DeLorenz and her minor children hereby challenge and object, also challenge and object to all other arguments that may be derived and or challenged based on apparent or and or could be inferred from the record and does not waive or abandon any arguments, even if the same is not specifically presented in this brief. You know, it doesn't really work that way, right? I do, yes. Okay. I do, yes. And that's why I focused the argument that I presented to the court here today, that that BIA decision is problematic. It cut off any chance of a de novo review that this court has or even of the respondent to knowing what the board based their legal reasoning on. And you don't have any other arguments that have not been articulated here today or in the rest of your briefs? None that are in the briefs, Your Honor. I could make a litany of arguments from the beginning of this case to the end of things that went wrong. But with respect to the brief, it is limited to simply that issue. Thank you. Thank you. Thank you, Mr. Radcliffe. The court will take this case under advisement and we're at recess for today.